FILED
BRADFORD L. BOLTON
CLERK
2012 JUN 25 PM 4:49
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **ALI ANVARI MAJD.,** | ) | **Bankruptcy Case No. 12-15764 HRT** |
| | ) | |
| **Debtor** | ) | **Chapter 7** |
| | ) | |
| **Plaintiff: Edward J. Bertagnolli** | ) | **Adversary Case No.** |
| **v.** | ) | |
| **Defendant: Ali Anvari Majd** | ) | |
| | ) | 12-01400 HRT |

**COMPLAINT OBJECTING TO DISCHARGEABILITY OF A DEBT**

Creditor Edward Bertagnolli ("Creditor" or "Plaintiff"), a creditor in the captioned bankruptcy case, by and through his attorneys, Davis & Ceriani, P.C., hereby respectfully submits this Complaint pursuant to 11 U.S.C. §523 against Ali Anvari Majd ("Debtor" or "Defendant") stating as follows:

**JURISDICTION**

1. On March 27, 2012 Defendant filed with this Court his voluntary Petition seeking relief under Chapter 7 of Title 11 of the United States Code, Case No. 12-15764-HRT.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157.

3. This adversarial proceeding is brought pursuant to Fed.R.Bankr.P. Rule 7001 and 11 U.S.C §523.

4. Venue in this Court is proper pursuant to 28 U.S.C. §1409(a).

5. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

{00357389.DOCX; 1}

## PARTIES

6. Plaintiff, a judgment creditor of the Defendant in the above captioned Chapter 7 Bankruptcy, is a resident of the City of Lakewood, State of Colorado.

7. Plaintiff has a judgment against Defendant in the principal amount of $23,000, plus post-judgment interest and costs and attorneys' fees. See "Order Re: Plaintiff's Forthwith Motion for Summary Judgment," attached hereto as Exhibit "A" and "Order Granting Plaintiff's Motion for Attorneys' Fees and Costs," attached hereto as Exhibit "B". Judgment was entered in favor of Plaintiff and against Defendant on all five of Plaintiff's claims for relief: (1) **Conversion**; (2) **Civil Theft pursuant to Colorado Revised Statute §18-4-405;** (3) Money had and Received; (4) Breach of Agreement; and (5) Check Not Paid Upon Presentment pursuant to Colorado Revised Statutes §§13-21-109 and 12-29-106. (Exhibit A).

8. Defendant is a judgment debtor of the Plaintiff. Defendant is a resident of the State of Colorado.

9. Elite Auto Service & Auto Body, Inc. ("Elite Auto") is a Colorado Corporation with its principal place of business in the County of Broomfield, State of Colorado, at 7300 West 120th Avenue, Broomfield, Colorado 80020.

10. Upon information and belief, Defendant is the owner and/or manager of Elite Auto.

## GENERAL ALLEGATIONS

11. On June 23, 2011, Plaintiff initiated litigation against Defendant in Jefferson County District Court, Case No. 2011-CV-2737. Plaintiff pursued claims for Conversion, Civil Theft pursuant to Colorado Revised Statute §18-4-405, Money had and Received, Breach of Agreement, and Recovery for Damages for Check Not Paid Upon Presentment pursuant to

{00357389.DOCX; 1}

Colorado Revised Statutes §§13-21-109 and 12-29-106. See "Complaint," attached hereto as Exhibit "C".

12. On July 11, 2011 Defendant filed his Answer *pro se*, attached hereto as Exhibit "D".

13. On November 20, 2011, counsel entered appearance on behalf of Defendant. On December 21, 2011, Plaintiff served Defendant, via Lexis Nexis File and Serve, with discovery, including Requests for Admission, which addressed all pertinent facts to Plaintiff's Claims for Relief. See "Plaintiff's First Set of Discovery Requests to Defendants," attached hereto as Exhibit "E". Defendant failed to respond to the discovery requests and failed to participate in scheduled mediation. (Exhibit A).

14. Thereafter, Plaintiff filed his Forthwith Motion for Summary Judgment ("MSJ") on March 22, 2012, attached hereto as Exhibit "F". Defendant failed to respond to the MSJ and the court entered judgment in favor of Plaintiff and against Defendant on March 27, 2012. (Exhibit A). In its Order, the court concluded, "[B]ased upon Defendant's repeated refusal to participate in mediation and Defendant's failure to respond to the Motion within the allocated period of time, the Court deems the Motion confessed. As such, the Court finds in favor of Plaintiff and GRANTS the motion for summary judgment." (Exhibit A).

15. At the court's request, Plaintiff filed his Motion for Attorneys' Fees and Costs. Upon no objection from Defendant, the court granted the Motion on June 5, 2012. (Exhibit B).

16. Plaintiff's claims against the Defendant as asserted in the state court action, and the entry of Plaintiff's judgment against the Defendant, were based on the following general facts.

17. In October 2010, Plaintiff provided Defendant with $23,000, in cash, with the understanding that Defendant was able to purchase recently repossessed late-model automobiles before they went to auction, through a contact at Wells Fargo Bank in Arizona.

18. Defendant represented that it would take three to four months before the automobile would be delivered to Plaintiff.

19. In or about January 2011, Plaintiff began calling Defendant to inquire about the delivery of the automobile. Defendant responded to the inquiries with a series of excuses and broken promises.

20. In March 2011, Plaintiff became convinced that Defendant had not used the money to purchase the automobile as promised, but rather had kept the money for his own use. At this point, Plaintiff demanded that Defendant return the $23,000.

21. In response to Plaintiff's repeated demands for repayment, Defendant provided Plaintiff with a check, written on the account of Elite Auto in the amount of $23,000.

22. On or about May 3, 2011, Plaintiff deposited the check into his account at Vectra Bank Colorado ("Vectra").

23. Thereafter, Plaintiff was informed by Vectra that the check had been returned unpaid because Elite Auto's account had been closed.

24. On or about May 5, 2011, pursuant to C.R.S. §13-21-109(4), Plaintiff notified Elite Auto that its check was not paid upon presentment, and that Elite Auto had fifteen (15) days after such notice to pay Plaintiff the total of $23,000, or be liable in a civil action for three times the face value of the check, but not less than $100, plus reasonable costs and attorneys' fees. A true and correct copy of such notice is attached hereto as Exhibit "G".

25. Despite Plaintiff's repeated demands for repayment (including the statutory notice of returned check), Defendant refused to repay the $23,000.

**CLAIM FOR RELIEF**
**(Determination of Discharge Pursuant to 11 U.S.C. §523(a)(4))**

26. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25 above.

27. 11. U.S.C. §523(a)(4) provides exceptions to discharge, stating that a discharge under sections 727, 1141, 1228(a), 1228(b), or 1328(b) of Title 11 does not discharge an individual debtor from any debt:

> [F]or fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

28. This Court has recognized that Colorado law merges larceny, stealing, embezzlement, false pretenses, confidence games, and shoplifting as "theft." *In re Hauck*, 466 B.R. 151, 165 (Bankr. D. Colo. 2012). Further, in the context of determining the dischargeability of certain debts under 11 U.S.C. §523(a)(4), "[W]here the crimes of embezzlement, conversion and larceny are consolidated into a single theft statute and the statutory offense of theft is consistent with the federal definition of embezzlement or larceny, issue preclusion may be utilized to except a debt for such offenses." *Id.* at 166.

29. Judgment was entered in the state court proceeding in favor of Plaintiff and against Defendant on all five of Plaintiff's claims, including Civil Theft pursuant to Colorado Revised Statute §18-4-405.

{00357389.DOCX; 1}

30. As a result of Defendant's actions as set forth above, which were confirmed by the state court judgment entered in favor of Plaintiff and against Defendant, Plaintiff's judgment should be determined to be non-dischargeable pursuant to 11 U.S.C. §523(a)(4).

**REQUEST FOR RELIEF**

WHEREFORE the Plaintiff respectfully requests that this Court award the Plaintiff the following relief:

a. An Order declaring that Plaintiff's judgment against Defendant is excepted from discharge pursuant to 11 U.S.C. §523(a)(4);

b. Award Plaintiff all costs and attorney fees incurred in this action; and

c. For any such other and further relief as this Court deems just and proper.

Respectfully submitted this 25th day of June, 2012.

Jennifer A. Tiedeken
Davis & Ceriani, P.C.
1350 17th Street, Suite 400
Denver, Colorado 80202
(303) 534-9000
jtiedeken@davisandceriani.com
*Attorney for Creditor Edward Bertagnolli*

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 25, 2012, I served a true and correct copy of the foregoing upon the following individuals, by depositing the same with the United States Postal Service, first-class postage pre-paid, addressed as follows:

Mitchell Bronson
11379 Otis Street
Westminster, Colorado 80020

Saeed Fakhimalizad
c/o Thomas Mangan, Esq.
3570 East 12th Avenue, Suite 200
Denver, Colorado 80206

New Frontier Media
Michael Weiner
6000 Spine Road, Suite 100
Boulder, Colorado 80301

Prestige Imports, Inc. and MT State Toyota
c/o Wyn Taylor, Esq.
1819 Denver West Drive, Suite 225
Lakewood, Colorado 80401

Ali Anvari Majd
15101 Prairie Place
Broomfield, CO 80023

***Via U.S. Mail and E-mail:***
John W. Tinder II, Esq.
Law Office of John W. Tinder, II, LTD
11971 Quay Street
Broomfield, Colorado 80020
jnylaw2010@gmail.com

Julie C. Kenny

{00357389.DOCX; 1}

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 12-01400HRT |
|---|---|
| **PLAINTIFFS**<br>Edward J. Bertagnolli | **DEFENDANTS**<br>Ali Anvari Majd |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Jennifer A. Tiedeken<br>Davis & Ceriani, P.C., 1350 17th St., #400<br>Denver, CO 80202, (303) 534-9000 | **ATTORNEYS** (If Known)<br>John W. Tinder, II<br>11971 Quay St.<br>Broomfield, CO 80020, (720) 375-6829 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Objection to dischargeability of certain debts pursuant to 11 U.S.C. 523

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

FILED
BRADFORD L. BOLTON
CLERK
2012 JUN 25 PM 4:49
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $23,000 plus post-judgment interest, attorney fees and costs |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Ali Anvari Majd | BANKRUPTCY CASE NO.<br>12-15764 HRT | |
| DISTRICT IN WHICH CASE IS PENDING<br>Colorado | DIVISION OFFICE | NAME OF JUDGE<br>Tallman |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>[signature] | | |
| DATE<br>June 25, 2012 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jennifer A. Tiedeken | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.