# EXHIBIT C

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, STATE OF COLORADO<br><br>100 Jefferson County Parkway<br>Golden, Colorado 80401 | |
| Plaintiff: Edward J. Bertagnolli<br><br>Defendants: Ali Majd, and Elite Auto Service & Auto Body, Inc., a Colorado Corporation | |
| Attorneys for Plaintiff:<br>Patrick J. Kanouff, #26121<br>Jennifer A. Tiedeken, #42674<br>DAVIS & CERIANI, P.C.<br>Suite 400, Market Center<br>1350 Seventeenth Street<br>Denver, CO 80202<br>Telephone: (303) 534-9000<br>pkanouff@davisandceriani.com<br>jtiedeken@davisandceriani.com | ▲ **COURT USE ONLY** ▲<br><br>Case No.<br><br>Division: |
| **COMPLAINT** | |

Plaintiff, by his attorneys, Davis and Ceriani, P.C., for his Complaint against Defendants, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Edward J. Bertagnolli ("Plaintiff") is a resident of the City of Lakewood, State of Colorado.

2. Defendant Ali Majd ("Defendant Majd") is a resident of the State of Colorado. Upon information and belief, Majd resides at 15101 Prairie Place, Broomfield, Colorado 80023.

3. Defendant Elite Auto Service & Auto Body, Inc. ("Defendant Elite Auto") is a Colorado Corporation with its principle place of business in the County of Broomfield, State of Colorado, at 7300 West 120th Avenue, Broomfield, Colorado 80020.

4. Upon information and belief, Defendant Majd is the owner of Defendant Elite Auto.

5. This Court has jurisdiction and venue over this action as the parties herein either reside in or have transacted business in Jefferson County, Colorado.

## GENERAL ALLEGATIONS

6. In October 2010, Plaintiff provided Defendant Majd with $23,000, in cash, with the understanding that Defendant Majd was able to purchase recently repossessed late-model automobiles before they went to auction, through a contact at Wells Fargo Bank in Arizona.

7. Defendant Majd represented that it would take three to four months before the automobile would be delivered to Plaintiff.

8. In or about January 2011, Plaintiff began calling Defendant Majd to inquire about the delivery of the automobile. Defendant Majd responded to the inquires with a series of excuses and broken promises.

9. In March 2011, Plaintiff became convinced that Defendant Majd had not used the money to purchase the automobile as promised, but rather had kept the money for his own use. At this point, Plaintiff demanded that Defendant Majd return the $23,000.

10. In response to Plaintiff's repeated demands for repayment, Defendant Majd provided Plaintiff with a check, written on the account of Defendant Elite Auto, in the amount $23,000.

11. On or about May 3, 2011, Plaintiff deposited the check into his account at Vectra Bank Colorado ("Vectra").

12. Thereafter, Plaintiff was informed by Vectra that the check had been returned unpaid because Defendant Elite Auto's account had been closed.

13. On or about May 5, 2011, pursuant to C.R.S. § 13-21-109(4), Plaintiff notified Defendant Elite Auto that its check was not paid upon presentment, and that Defendant Elite Auto had fifteen (15) days after such notice to pay to Plaintiff the total of $23,000, or be liable in a civil action for three times the face value of the check, but not less than $100, plus reasonable costs and attorneys' fees. A true copy of such notice is attached hereto as Exhibit A.

14. Despite Plaintiff's continued demands for repayment (including the statutory notice of returned check), Defendants have refused to repay the $23,000.

## FIRST CLAIM FOR RELIEF
**(Conversion)**

15. Plaintiff incorporates herein by reference paragraphs 1 through 14 above.

16. Defendant Majd's refusal to return Plaintiff's $23,000 is an unauthorized act of dominion or ownership over the personal property of Plaintiff.

17. As a direct and foreseeable consequence of Defendant Majd's conversion, Plaintiff has suffered damages in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**(Civil Theft § 18-4-405)**

18. Plaintiff incorporates herein by reference paragraphs 1 through 17 above.

19. Defendant Majd continues to exercise control over the Plaintiff's funds, without authorization, and with the specific intent to permanently deprive Plaintiff of such funds.

20. As a direct and foreseeable consequence of Defendant Majd's civil theft, Plaintiff has suffered damages in an amount to be proven at trial.

21. Pursuant to C.R.S. § 18-4-405, the Defendant Majd is liable for three times the amount of actual damages sustained by Plaintiff plus costs, and attorney fees.

**THIRD CLAIM FOR RELIEF**
**(Money Had and Received)**

22. Plaintiff incorporates herein by reference paragraphs 1 through 21 above.

23. Defendant Majd received money from Plaintiff that in equity and good conscience should be returned to Plaintiff.

24. As a direct and foreseeable consequence of Defendant Majd's failure to return the subject funds, Plaintiff has suffered damages in an amount to be proven at trial.

**FORTH CLAIM FOR RELIEF**
**(Breach of Agreement)**

25. Plaintiff incorporates herein by reference paragraphs 1 through 24 above.

26. Defendant Majd promise to purchase an automobile for Plaintiff.

27. In consideration of such, Plaintiff gave Defendant Majd $23,000 in cash.

28. Defendant Majd has failed to deliver the automobile as promised. Moreover, Defendant Majd has failed to return Plaintiff's $23,000.

29. As a direct and foreseeable consequence of Defendant Majd's failure to deliver the automobile or return the subject funds, Plaintiff has suffered damages in an amount to be proven at trial.

**FIFTH CLAIM FOR RELIEF**
**(Recovery of Damages for Check Not Paid Upon Presentment)**

30. Plaintiff incorporates herein by reference paragraphs 1 through 29 above.

31. Defendant Elite Auto wrote Plaintiff a check in the amount of $23,000 to repay the money owed by Defendant Majd to Plaintiff.

32. The check was not paid on presentment.

33. Pursuant to C.R.S. 13-21-109(4), Plaintiff notified Defendant Elite Auto that the check was not paid upon presentment, and that Defendant Elite Auto had fifteen (15) days after such notice to pay to Plaintiff the total of $23,000, or be liable in a civil action for three times the face value of the check, but not less than $100, plus reasonable costs and attorneys' fees.

34. Pursuant to C.R.S. 13-21-109(3), Plaintiff provided Defendant Elite Auto with notice of nonpayment on presentment of his check in writing by certified mail, return receipt requested and postage prepaid. The return receipt shows a delivery date of May 9, 2011. A true copy of the certified mail return receipt is attached hereto as Exhibit B.

35. Defendant Elite Auto received notice of nonpayment on presentment of the check on May 9, 2011, and has not made payment to Plaintiff.

36. C.R.S. § 13-21-109(2)(a) provides that once notice of nonpayment on presentment of a check is given and has not been paid within fifteen (15) days of such notice, the maker shall be liable to the holder for "three times the face amount of the check but not less than one hundred dollars."

37. C.R.S. § 13-21-109(6) provides that "[i]n any civil action brought under this section, the prevailing party may recover court costs and reasonable attorney fees."

WHEREFORE, Plaintiff prays that the court enter judgment in its favor against Defendants as follows:

A. For actual damages of $23,000;

B. For treble damages as provided for in C.R.S. § 18-4-405, with respect to Defendant Majd, and C.R.S. § 13-21-109(2)(a), with respect to Defendant Elite Auto;

C. For all costs, pre and post-judgment interest and attorneys' fees as are legally recoverable; and,

D. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of June, 2011.

DAVIS & CERIANI, P.C.

By: [signature]
Patrick J. Kanouff
Jennifer A. Tiedeken
COUNSEL FOR PLAINTIFF

Plaintiff's Address:
3081 Oak Street
Lakewood, CO 80215