# EXHIBIT D

| | |
|---|---|
| District Court, Jefferson County, State of Colorado<br>Court Address:<br>100 Jefferson County Parkway<br>Golden, Colorado 80401<br><br>Plaintiff(s):<br>Edward J. Bertagnolli<br><br>v.<br><br>Defendant(s):<br>Ali Majd, and Elite Auto Service & Auto Body, Inc. a Colorado Corporation | ▲ COURT USE ONLY ▲ |
| Party Without Attorney (Name and Address):<br>Ali Majd<br>7180 West 117th Ave<br>Broomfield, CO 80020<br>Telephone: (303) 319-9924<br>E-mail: amajd@me.com | Case Number: 2011CV2737<br><br>Division Courtroom |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.

☐ Simplified Procedure under C.R.C.P. 16.1 **applies** to this case because this party does not seek a monetary judgment in excess of $100,000.00 against another party, including any attorney fees, penalties or punitive damages but excluding interest and costs and because this case is not a class action or forcible entry and detainer, Rule 106, Rule 120, or other expedited proceeding.

☐ Simplified Procedure under C.R.C.P. 16.1, **does not apply** to this case because (check one box below identifying why 16.1 does not apply):

☐ This is a class action or forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

☐ This party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs (see C.R.C.P. 16.1(c)),

**or**

☒ Another party has previously stated in its cover sheet that C.R.C.P. 16.1 does not apply to this case.

3. ☒ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Date: July 11, 2011

[signature]

Signature of Party or Attorney for Party
(Signed original on file above)

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, STATE OF COLORADO<br>100 Jefferson County Parkway<br>Golden, Colorado 80401 | |
| Plaintiff: Edward J. Bertagnolli<br><br>v.<br><br>Defendant: Ali Majd, and Elite Service & Auto Body, Inc., a Colorado Corporation | |
| Ali Majd,<br>on behalf of self and<br>Elite Service & Auto Body, Inc.<br>7180 West 117th Ave<br>Broomfield, CO 80020<br>(303) 319-9924 | ▲COURT USE ONLY▲<br><br>Case Number: 2011CV2737<br><br>Div.: |
| **ANSWER AND JURY DEMAND** | |

Defendant Ali Majd, and Elite Auto Service & Auto Body, Inc., a Colorado Corporation (collectively "Elite Service") for its Answer to the Complaint pursuant to filed by Edward J. Bertagnolli, ("Lake Cedar"), states and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Elite Service is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint and, therefore, the County denies those allegations.

2. Elite Service admits the allegations stated in paragraph 2 of the Complaint.

3. Elite Service admits the allegations stated in paragraph 3 of the Complaint.

4. In response to paragraph 4 of the Complaint, Elite Service, Elite Service denies all allegations. Ali Majd is a manager at Elite Auto Service & Auto Body, Inc..

5. Elite Service admits the allegations stated in paragraph 5 of the Complaint.

## PARTIES, JURISDICTION AND VENUE

6. Elite Service admits the allegation stated in Paragraph 6 of the Complaint to the extent that Plaintiff provided $23,000 for the purpose of attempting to purchasing an automobile. Elite Service affirmatively alleges that simultaneously in October, 2010, when Plaintiff provided Elite Service $23,000 that Plaintiff was provided a check in the amount of $23,000 postdated to March 28, 2010, for the purpose of a receipt only, and not for the purpose of deposit or negation of any kind or any other purpose.

7. Elite Service admits that Plaintiff was provided an expectation that it would take a substantial period of time to deliver an automobile. To the extent that this period was specifically defined, Elite Service denies the allegations stated in paragraph 7 of the Complaint.

8. Elite Service admits that calls were received from Plaintiff in January, 2011. Elite Service denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Elite Service denies the allegations stated in paragraph 9 of the Complaint. Elite Service affirmatively alleges that on or about March 8, 2011, Elite Service returned $20,000 to Plaintiff, using the same bills that were provided to Elite Service in October, 2010. Elite Service further alleges that at this time, Elite Service asked Plaintiff to return the postdated check that was provided to Plaintiff in October, 2011 as a receipt. Plaintiff responded that it wasn't in his currently in his possession at the time and would return it to Elite Service later.

10. Elite Service denies the allegation stated in paragraph 10 of the Complaint.

11. Elite Service admits the allegations stated in paragraph 11 of the Complaint.

12. Elite Service is without information or knowledge sufficient to form a belief as to content, truth or falsity of exactly what was told to Plaintiff by Vectra Bank Colorado ("Vectra") and therefore, denies those specific allegations contained in paragraph 12 of the Complaint. With respect to allegations stated in paragraph 12 of the Complaint regarding Plaintiff's attempt to deposit the postdated check, Elite Service admits that on or about May 3, 2011, Plaintiff attempted to deposit the postdated check that Elite gave to Plaintiff in October, 2010 for the purpose of a receipt, and that Vetra Bank Colorado did not negotiate the postdated check.

13. Elite Service admits that the allegation stated in paragraph 13 that a notice was received from Plaintiff. Elite Service denies that any allegation in paragraph 13 that the nonpayment of the postdated check was unlawfully and that the notice is legally operative.

14. Elite Service denies the allegations stated in paragraph 14. Elite Service affirmatively alleges that on or about March 8, 2011, Elite Service return $20,000 in cash to Plaintiff.

**FIRST CLAIM FOR RELIEF**

15. Elite Service incorporates by reference its responses to the allegations contained in paragraphs 1 through 14 of the Complaint as if set forth in full herein for its response to the allegations stated in paragraph 15 of the Complaint.

16. Elite Service denies the allegations stated in paragraph 16.

17. Elite Service denies the allegations stated in paragraph 17.

**SECOND CLAIM FOR RELIEF**

18. Elite Service incorporates by reference its responses to the allegations contained in paragraphs 1 through 17 of the Complaint as if set forth in full herein for its response to the allegations stated in paragraph 18 of the Complaint.

19. Elite Service denies the allegations stated in paragraph 19. Elite Service affirmatively alleges that Elite Service returned $20,000 in cash to Plaintiff and all of Elite Services' efforts to return the remaining $3,000 were, and continue to be, rebuked by Plaintiff.

20. Elite Service denies the allegation stated in paragraph 20.

21. Elite Service denies the allegations stated in paragraph 21.

**THIRD CLAIM FOR RELIEF**

22. Elite Service incorporates by reference its responses to the allegations contained in paragraphs 1 through 21 of the Complaint as if set forth in full herein for its response to the allegations stated in paragraph 22 of the Complaint.

23. Elite Service denies the allegations stated in paragraph 23.

24. Elite Service denies the allegations stated in paragraph 24.

**FOURTH CLAIM FOR RELIEF**

25. Elite Service incorporates by reference its responses to the allegations contained in paragraphs 1 through 24 of the Complaint as if set forth in full herein for its response to the allegations stated in paragraph 25 of the Complaint.

26. Elite Service denies the allegations stated in paragraph 26 of the Complaint.

27. Elite Service admits the allegations stated in paragraph 27 to the extent that Elite Service did receive $23,000 in cash from Plaintiff. Elite Service denies all remaining allegations stated in paragraph 27.

28. Elite Service admits the allegations stated in paragraph 28 to the extent that Elite Service has not delivered an automobile to Plaintiff. Elite Service denies all remaining allegations stated in paragraph 28. Elite Service affirmatively alleges that Elite Service returned $20,000 in cash to Plaintiff.

29. Elite Service denies the allegations stated in paragraph 29.

**FIFTH CLAIM FOR RELIEF**

30. Elite Service incorporates by reference its responses to the allegations contained in paragraphs 1 through 28 of the Complaint as if set forth in full herein for its response to the allegations stated in paragraph 30 of the Complaint.

31. Elite Service admits the allegations stated in paragraph 31 to the extent that Elite Service wrote a check in the amount of $23,000 to Plaintiff. Elite Service denies the allegations stated in paragraph 31 of the Complaint that the purpose of the check was to repay money owed by Elite Service to Plaintiff. Elite Services affirmatively alleges that the only purpose of the postdated check was as a receipt and that the postdated check had no other purpose.

32. Elite Service admits the allegations stated in paragraph 31. Elite Service affirmatively alleges that despite full knowledge of the purpose of the postdated check, Plaintiff attempted to deposit the postdated check.

33. Elite Service admits that the allegation stated in paragraph 33 that a notice was received from Plaintiff. Elite Service denies that any allegation in paragraph 33 that the nonpayment of the postdated check was unlawfully and that the notice is legally operative.

34. Elite Service admits that the allegation stated in paragraph 34 that a notice was received from Plaintiff. Elite Service denies that any allegation in paragraph 34 that the nonpayment of the postdated check was unlawfully and that the notice is legally operative.

35. Elite Service admits that the allegation stated in paragraph 35 that a notice was received from Plaintiff. Elite Service denies that any allegation in paragraph 35 that Elite Service has not made payment to Plaintiff. Elite Service affirmatively

alleges that Elite Service made payment to Plaintiff in the amount of $20,000 in cash.

36. Elite Service admits the allegations stated in paragraph 36. Elite Service affirmatively alleges that C.R.S 13-21-109(7) provided that "Nothing in this section shall be deemed to apply to any check . . . on which payment has been stopped by the maker by reason of a dispute relating to the money, merchandise, property or other thing of value obtained by the maker," and Elite Service does have such dispute, as payment of $20,000 in cash was made by Elite Service to Plaintiff prior to Plaintiffs' attempt to deposit the postdated check prior to the date of the postdate.

37. Elite Service admits the allegations stated in paragraph 37.

## GENERAL DENIAL

38. Elite Service denies each and every other allegation contained in the Complaint, except to the extent expressly and specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Elite Service is entitle to judgment on Plaintiff's Fifth Claim for Relief because C.R.S s 13-21-109(7) excludes Elite Service from liability under C.R.S s 13-21-109 and C.R.S s

13-21-109(6) provides the prevailing party may recover court costs and reasonable attorneys' fees.

**Third Defense**

Elite Service is currently without knowledge of facts, which would form the basis for further affirmative defenses regarding Plaintiff's claim. Elite Service reserves the right to assert any such defenses should factual bases become known during discovery or otherwise.

Dated this 11th day of July, 2011

On behalf of Elite Auto Service & Auto Body, Inc.

On behalf of Ali Majd

Defendants

Address of Defendant Majd and Defendant Elite Auto Service & Auto Body, Inc.:

7180 West 117th Ave
Broomfield, CO 80020

CERTIFICATE OF MAILING

I hereby certify that on this 11th day of July, 2011, a true and correct copy of the foregoing Ali Majd, and Elite Auto Service & Auto Body Answer and Jury Demand was filed in person at the offices of the Jefferson County Attorney's Office; and on the 11th day of July, 2011 a copy was personally delivered to the office of Plaintiff's counsel at:

Davis & Ceriani, P.C.
Suite 400, Market Center
1350 Seventeenth Street
Denver, CO 80202
(303) 534-9000
Pkanaouff@davisandceriani.com
Jtiedeken@davisandceriani.com

By: ______________________
Ali Majd