# EXHIBIT E

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, STATE OF COLORADO<br><br>100 Jefferson County Parkway<br>Golden, Colorado 80401 | |
| Plaintiff: Edward J. Bertagnolli<br><br>Defendants: Ali Majd, and Elite Auto Service & Auto Body, Inc., a Colorado Corporation | ▲ **COURT USE ONLY** ▲ |
| Attorneys for Plaintiff:<br>Patrick J. Kanouff, #26121<br>Jennifer A. Tiedeken, #42674<br>DAVIS & CERIANI, P.C.<br>Suite 400, Market Center<br>1350 Seventeenth Street<br>Denver, CO 80202<br>Telephone: (303) 534-9000<br>pkanouff@davisandceriani.com<br>jtiedeken@davisandceriani.com | Case No.: 2011CV2737<br><br>Div.: 1 |
| **PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANTS** | |

Plaintiff Edward J. Bertagnolli ("Plaintiff" or "Bertagnolli"), by his attorneys, Davis & Ceriani P.C., hereby propound the following Interrogatories, Requests for Production and Requests for Admission ("Discovery Requests") upon Defendants Ali Majd and Elite Auto Service & Auto Body, Inc. (collectively "the Defendants"):

## DEFINITIONS AND INTERPRETATION

1. "Identify" and "identification" shall mean:

    a. When used in reference to an individual, to state his or her full name and his present or last known address and telephone number, the full name and present or last known address of his or her employer or business and his or her position with such employer or business.

b. When used with respect to a "person" when not a natural person, or when a "person" is acting in other than an individual capacity, shall require the following information: (i) full name; (ii) principal office address; (iii) telephone number of the principal office or facility; (iv) name(s) of person(s) controlling or managing the entity, association or enterprise; (v) name(s) of individual(s) involved with this matter; and, (vi) capacity in which the person is acting.

c. When used in reference to a corporation, partnership, unincorporated association, or other entity, to state its full name and its present or last known address, and fully describe the business or activity in which the entity is engaged.

d. When used in reference to a Document, to state the date, author, type of document (e.g., letter, memorandum, photograph, telegram, tape recording, computer file or the like), the person or persons to whom it or copies of it were sent, and its present or last known location and custodian. If any document was, but is no longer, in your possession or custody or subject to your control, state what disposition was made of it and the date of disposition and reason for such disposition.

e. When used in reference to a statement, a representation, a directive or information, to state the time and date upon which it was made, the location where it was made, the location where it was received (if other than the location where it was made) and the nature and specific content of it, and to identify each person in whose presence it was made, each person in whose presence it was received, and each person presently having custody, possession or control of it, if typewritten, printed or otherwise transcribed or recorded.

2. Whenever the term "person" is used herein, it means any natural person, corporation, association, general or limited partnership, joint venture, trust or any other organization with a separate identity.

3. "Document" shall mean "document" as used in its broadest sense as defined in C.R.C.P. 34(a)(1) and specifically includes all manner of written, typewritten, printed, electronic or recorded material whatsoever, including any computerized, graphic, mechanical or oral records or recordings of any kind, correspondence, letters, electronic mail, telegrams, memoranda, records of meetings or conferences, records of wire transfers, contracts, agreements, reports, checks, statements, receipts, returns, summaries, tickets, drafts, interoffice and intraoffice communications, offers, notations of conversations, records of phone calls or meetings, printed matter, computer print-outs, teletypes, telefaxes, invoices, pictures, photographs, blueprints, schematics, tape recordings, transcriptions of records, video recordings, logbooks, business records, computer files and all drafts, alterations, modifications, changes and amendments of any of the foregoing, which are in your actual or constructive possession, custody or control. All originals and non-identical copies shall be deemed separate "documents." "E-mail" which has been "deleted" but can still be retrieved is included.

4. The terms "Defendants" "you," and "your" refer to both Ali Majd and Elite Auto Service & Auto Body, Inc. and include any agents or representatives thereof.

5. The term "Check" shall refer to the check made payable to the order of Ed Bertagnolli, postdated March 28, 2011, check no. 2016. A true and accurate copy of this Check is attached herewith as Exhibit 1.

6. The term "Complaint" refers to Plaintiff's Complaint with Exhibits A and B, filed in this case on June 23, 2011, Lexis-Nexis Transaction ID number 38315899.

7. The term "Elite" refers to Defendant Elite Auto Service & Auto Body, Inc.

8. The use of "and" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the Discovery Requests all information that might otherwise be construed to be outside its scope. The singular shall include the plural and vice versa. The use of the masculine shall be deemed to include the feminine as appropriate, and vice versa. The use of a verb in any tense shall be construed as the use of a verb in all other tenses whenever necessary to bring within the scope of these Interrogatories matters that might otherwise be construed to be outside their scope.

9. The term "including" shall mean "including but not limited to."

10. All terms appearing in "all caps" style in the Pattern Interrogatories section hereof shall have the meaning accorded to the same in Form 20 in the Appendix of Forms accompanying the Colorado Rules of Civil Procedure.

## INSTRUCTIONS

1. Production of documents and tangible things requested hereby shall be made at the offices of Davis & Ceriani, P.C., 1350 17th Street, Suite 400, Denver, Colorado 80202 or such other place as may be agreed upon by counsel for you and the Districts. You shall produce documents as they are kept in the ordinary course of business or shall organize and label them to correspond with the categories in these Discovery Requests. Any electronic documents responsive to any of these Discovery Requests are to be produced in their original, native format (i.e., all Microsoft Word files shall be produced in .doc format, all Microsoft Outlook emails shall be produced in .pst or .msg format, etc.) with all metadata intact.

2. In responding to these Discovery Requests, you are required to respond based upon both: (i) information known or available to you or in your possession, custody, or control

and (ii) information known or available to, or in the possession, custody, or control of your agents, representatives, attorneys, accountants, or any other person under your control. Similarly, a request to produce documents is a request to produce all documents in the possession, custody or control of the party to whom the request is directed and that party's officers, employees and agents, including, without limitation the party's past or present counsel, consultants, and accountants.

3. If you object to any of the following Discovery Requests on grounds of vagueness or ambiguity, or that you do not understand the meaning of a word or phrase, then for each such discovery request, please set forth your own good faith clarification or definition of the word or phrase in doubt, together with the source of your definition, and respond fully to such discovery request using your clarification or definition.

4. If you cannot answer a Discovery Request in full after exercising due diligence to obtain the information necessary to do so, please answer to the extent possible, stating with specificity the efforts made to secure the requested information and the reason(s) for your inability to answer the remainder of the request.

5. With respect to each of the following Discovery Requests, if you lack all or part of the information necessary to fully answer any request, but know the identity of another person(s), entity(ies), or source(s) who or which has or may have such information, please identify such other person(s), entity(ies), or source(s) and for each, please state your understanding of his, her, or its knowledge that is or may be pertinent to the subject matter(s) of the document request.

6. With respect to all documents which are not produced to Defendants for any reason, please provide a "Privilege Log" which identifies the document by setting forth the date

of the document, the nature of the document (i.e., memorandum, letter, etc.), the author of the document, the name and title of each person to whom the documents (or a copy thereof) was sent or shown, the general subject matter of the document and the specific basis relied upon for not producing the document (such as, by way of example only, "attorney-client" privilege).

7. Different versions of the same document, drafts of documents, or documents with handwritten notations or other marks not found on the original are different documents and shall be separately produced and identified. Where documents are maintained both electronically and in hard copy format, both versions of the documents should be produced in the format in which they are maintained. Where the files contain more than one copy of any particular document, please produce all copies.

8. These discovery requests are continuing in nature. If any information addressed by the discovery requests is not learned until after the discovery requests are answered, or for any reason any answer later becomes incorrect, pursuant to C.R.C.P. Rule 26(e) and applicable case law, the party answering these discovery requests shall supplement or change the answers previously submitted.

9. In responding to these Discovery Requests, please restate and type each document request immediately before setting forth your response. The same courtesy will be extended to you.

**REQUESTS FOR ADMISSION**

1. Admit that you entered into an agreement with Plaintiff whereby Plaintiff would give you $23,000 cash and you would purchase a recently repossessed automobile for Plaintiff.

2. Admit that Plaintiff gave you $23,000 in cash.

3. Admit that you never provided Plaintiff with an automobile.

4. Admit that the Check attached hereto is dated March 28, 2011.

5. Admit that the Check was written by you.

6. Admit that the Check was dishonored.

7. Admit that sometime before May 3, 2011, you closed your checking account with North Valley Bank, account number 107005076.

8. Admit that on May 5, 2011 Plaintiff provided you notice pursuant to C.R.S. § 13-21-109 that the check postdated March 28, 2011 had been dishonored.

9. Admit that you have not given Plaintiff any money or made any payment to Plaintiff since May 5, 2011.

**PATTERN INTERROGATORIES**

1.0 State the name, ADDRESS, telephone number, and relationship to you of each PERSON who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

15.1 Identify each denial of a material allegation and each affirmative defense in your pleadings and for each:

a. State all facts upon which you based the denial or affirmative defense;

b. State the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts;

c. Identify all DOCUMENTS and other tangible things which support your denial or affirmative defense, and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

17.1 Is your response to each request for admission served with these interrogatories an unqualified admission?

If not, for each response that is not an unqualified admission:

a. State the number of the request;

b. State all facts upon which you base your response;

c. State the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts;

d. Identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

**NON-PATTERN INTERROGATORIES**

1. Identify each bank account you have maintained within the last five years. For each account, list:

   a. The name and address of the bank or institution;

   b. The kind of account(s) maintained with that bank or institution;

   c. The starting date and closing date of any account identified in response to this interrogatory;

   d. Whether the account was a personal account held in the name of Defendant Majd or a business account held in the name of Defendant Elite;

   e. Whether the account is still active as of the date of this answer.

2. Describe with specificity Defendant Majd's relationship with Defendant Elite.

3. Describe with specificity the circumstances of your alleged payment of $20,000 to Plaintiff, including:

   a. The date the alleged payment was made;

   b. Where the alleged payment was made;

c. Whether the $20,000 was withdrawn from a bank account, and if so, which account it was withdrawn from;

d. The person or persons who you made the alleged payment to;

e. All persons who were present when you made this alleged payment;

f. Identify any documents which evidence, discuss, or relate to this alleged payment.

4. Describe with specificity the details of your alleged attempt(s) to pay Plaintiff $3,000, including:

a. The date(s) you attempted to make such payment;

b. Where you attempted to make such payment;

c. The person or persons who you attempted to pay;

e. All persons who were present when you attempted to make such payment;

f. Identify any documents which evidence, discuss, or relate to any attempts you made to pay Plaintiff $3,000.

5. Describe with specificity why you provided Plaintiff with the postdated Check in the amount of $23,000.

6. Identify any communications you have had with Plaintiff which support your claim that you paid Plaintiff $20,000 cash.

DATED this 21st day of December, 2011.

DAVIS & CERIANI, P.C.

*s/Jennifer A. Tiedeken*
Patrick J. Kanouff
Jennifer A. Tiedeken
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 21st day of December, 2011, a true and correct copy of the foregoing was served via Lexis Nexis File and Serve to the following:

Richard A. Hernandez, Esq.
John W. Tinder II, Esq.
HERNANDEZ TINDER, LLP
11971 Quay Street
Broomfield, Colorado 80020
E-mail: jnylaw2010@gmail.com

*s/Julie C. Kenny*
Julie C. Kenny