# EXHIBIT F

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, STATE OF COLORADO<br><br>100 Jefferson County Parkway<br>Golden, Colorado 80401 | |
| Plaintiff: Edward J. Bertagnolli<br><br>Defendants: Ali Majd, and Elite Auto Service & Auto Body, Inc., a Colorado Corporation | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff:<br>Patrick J. Kanouff, #26121<br>Jennifer A. Tiedeken, #42674<br>DAVIS & CERIANI, P.C.<br>Suite 400, Market Center<br>1350 Seventeenth Street<br>Denver, CO 80202<br>Telephone: (303) 534-9000<br>pkanouff@davisandceriani.com<br>jtiedeken@davisandceriani.com | Case No.: 2011CV2737<br><br>Div.: 1 Ctrm: 5E |

**PLAINTIFF'S FORTHWITH MOTION FOR SUMMARY JUDGMENT**

Plaintiff Edward Bertagnolli, by and through his attorneys, Davis & Ceriani, P.C., hereby submits the following Forthwith Motion for Summary Judgment and Sanctions:

## I. INTRODUCTION

On March 22, 2012, the Court held a hearing regarding the status of mediation in this case. At the hearing, the Court invited Plaintiff to file a forthwith motion for judgment and gave Defendant 48 hours to respond. Plaintiff therefore submits his Motion for Summary Judgment pursuant to the Court's invitation.

## II. BACKGROUND

Plaintiff filed his Complaint on June 23, 2011. In his Complaint, Plaintiff brought five claims for relief: (1) Conversion; (2) Civil Theft; (3) Money Had and Received; (4) Breach of Agreement; and, (5) Recovery for Damages for Check not Paid upon Presentment (collectively "Claims for Relief"). Defendant filed his Answer pro se on July 11, 2011. Thereafter, on November 20, 2011, John Tinder entered his appearance on behalf of Defendant. On December 12, 2011, Plaintiff served Defendant, via Lexis Nexis, with discovery, including Requests for Admission ("RFA") which addressed all pertinent facts to Plaintiff's Claims for Relief. Defendant, to this date, has never filed responses to discovery. Defendant has, therefore, admitted the facts contained in Plaintiff's requests for admission. As is such, there are no remaining factual issues in this case, and this Court may enter judgment in favor of Plaintiff as a matter of law on all of Plaintiff's claims. Plaintiff addresses, specifically, each of his Claims for Relief in detail herein.

## III. ARGUMENT

### A. Standard of Review—Summary Judgment:

Summary judgment serves the goal of saving judicial resources that otherwise would be expended in protracted litigation. *Mt. Emmons Mining Co. v. Town of Crested Butte*, 690 P.2d 231, 239 (Colo. 1984); *see also Ginter v. Palmer & Co.*, 585 P.2d 583, 584 (1978) ("The purpose of the summary judgment is 'to permit the parties to pierce the formal allegations of the pleadings and save the time and expense connected with a trial when, as a matter of law, based on undisputed facts, one party could not prevail."). Under C.R.C.P. 56(c), Mr. Bertagnolli, as the moving party, bears the initial burden of presenting to the Court the basis for its motion and identifying the portions of the record which establish the absence of any genuine dispute of material fact. *Continental Air Lines,*

*Inc. v. Keenan,* 731 P.2d 708, 712 (Colo. 1987) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986)). Once the initial burden is met, the burden shifts to the opposing party, who must affirmatively set forth specific facts of record demonstrating that a real controversy exists. *Keenan,* 731 P.2d at 713; *Webster v. Mauz*, 702 P.2d 297, 298 (Colo. App. 1985); *Ginter*, 585 P.2d at 585. If the nonmoving party cannot provide sufficient evidence of a triable issue of fact on his claim "a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Keenan,* 731 P.2d at 713 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). This Court may enter summary judgment, even though the presumptive deadline for motions has passed. *See* Colo. R. Civ. P. 56(c) ("**Unless otherwise ordered by the court**, any motion for summary judgment shall be filed no later than 91 days (13 weeks) prior to trial…") (emphasis added); *Antelope Co. v. Mobil Rocky Mountain, Inc.*, 51 P.3d 995, 1002 (Colo. Ct. App. 2001) (recognizing that entry of summary judgment on the day of trial may be appropriate where there are clearly undisputed facts and opposing party has chance to respond.)

### B. Defendant has Admitted all Relevant Facts that are the Subject of Plaintiff's Requests for Admission:

"When a party fails to respond in a timely way to a request for admission, it admits the relevant subject matter of the request." *Grynberg v. Karlin*, 134 P.3d 563, 565 (Colo. Ct. App. 2006) (citing *Lionelle v. S.E. Colo. Water Conservancy Dist.*, 676 P.2d 1162, 1167 (Colo.1984)); *Cox v. Pearl Inv. Co.*, 168 Colo. 67, 72, 450 P.2d 60, 62 (1969); *Engel v. Engel,* 902 P.2d 442, 446 (Colo.App.1995)). "These admissions may then be used to support a summary judgment." *Grynberg*, 134 P.3d at 565. While a court has discretion to allow a party to amend or withdraw admissions, the court should be cautious in exercising this discretion. *Id.* at 566. A court is not required to allow amendment or withdrawal "even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule." *Id.* (quoting *Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir.1983)). Here, the Defendant should not be given a chance to withdraw or

amend his admissions, where the deadline for response was over two months ago and Defendant's counsel represented to the Court that Defendant did not wish to respond to discovery even though he was advised that non-response equaled admission. Here, the Court should find that Defendant has admitted to relevant subject matters contained in Plaintiff's Requests for Admissions.

**C. Defendant's Admissions are Dispositive of all of Plaintiff's Claims for Relief and Plaintiff is Entitled to Summary Judgment as a Matter of Law:**

**1. First and Second Claims for Relief: Conversion and Civil Theft Pursuant to § 18-4-405:**

Conversion is "any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another." *Rhino Fund, LLLP v. Hutchins*, 215 P.3d 1186, 1195 (Colo. Ct. App. 2008) (quoting *Glenn Arms Assocs. v. Century Mortgage & Inv. Corp.*, 680 P.2d 1315, 1317 (Colo.App.1984)). "An action will lie for the conversion of money where there is an obligation to return or otherwise particularly treat specific money." *Rhino Fund, LLLP*, 215 P.3d at 1195. The elements of civil theft are similar to conversion. In order to show civil theft, the Plaintiff must prove theft, robbery or burglary on the part of the Defendant. *See* § 18-4-405. The elements for theft are found in the criminal code at § 18-4-401: Defendant must (1) knowingly obtain or exercise control over anything of value of Plaintiff without authorization, or by threat or deception; and, (2) intend to deprive Plaintiff permanently of the use or benefit of the thing of value.

Here, there are no remaining issues of material fact on Plaintiff's claims for conversion and civil theft. Defendant has admitted that (1) Plaintiff gave him $23,000 in cash[1]; (2) Plaintiff gave Defendant the cash pursuant to an agreement whereby Defendant would use the cash to

[1] *See* Plaintiff's RFA 2, attached hereto as Ex. A.

purchase Plaintiff a recently repossessed automobile[2]; and, (3) Defendant has never provided Plaintiff with an automobile, given Plaintiff any money, or made any payment to Plaintiff.[3] Defendant has, therefore, exercised an unauthorized act of ownership over $23,000 belonging to Plaintiff, which was provided to Defendant for the specific purpose of providing Plaintiff with a car. Likewise, Defendant continues to exercise control over Plaintiff's money without authorization with the intent to permanently deprive Plaintiff of his money. *See Rhino Fund, LLLP*, 215 P.3d at 1196 (holding that diverting funds in which another has an ownership interest and using the funds for personal reasons constitutes civil theft.) There is no remaining issue of disputed fact as to Plaintiff's conversion and civil theft claims and the Court should enter summary judgment in favor of Plaintiff on his First and Second Claims for Relief.

### 2. Third and Fourth Claims for Relief: Money had and Received and Breach of Agreement:

The elements for breach of contract are: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; (4) resulting damages to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). Defendant has admitted that (1) he entered into an agreement with Mr. Bertagnolli whereby Mr. Bertagnolli would give him $23,000 cash and he would purchase a recently repossessed automobile for Mr. Bertagnolli[4]; (2) Mr. Bertagnolli gave him the $23,000 cash, performing his end of the bargain[5]; (3) he never provided Mr. Bertagnolli with an automobile[6]; and, (4) Mr. Bertagnolli has never received any payments from Defendant and is

---

[2] *See* Plaintiff's RFA 1, attached hereto as Ex. A.
[3] *See* Plaintiff's RFAs 3, 9, attached hereto as Ex. A.
[4] *See* Plaintiff's RFA 1, attached hereto as Ex. A.
[5] *See* Plaintiff's RFA 2, attached hereto as Ex. A.
[6] *See* Plaintiff's RFA 3, attached hereto as Ex. A.

out $23,000[7]. Therefore, there is no remaining issue of fact on Plaintiff's breach of agreement claim.

A claim for money had and received is to prevent unjust enrichment. *Mullens v. Hansel-Henderson*, 65 P.3d 992, 999 (Colo. 2002). Specifically, a claim for money had and received ensures that "a party will not be allowed to keep money which in equity and good conscience should be returned to another." *Id.* Here, Defendant has admitted that Plaintiff gave him $23,000 to purchase an automobile, and that Plaintiff has received no return of money from the Defendant and no automobile.[8] Where a party has breached a contract and a refund of money is due, as is the case here, the amount can be recovered in an action for money had and returned. *See Bridges v. Ingram*, 223 P.2d 1051, 1053 (Colo. 1950) ("where an express contract, under which one has paid money, has been breached by the party to whom the money was paid, and under the terms of the said contract a refund of the money is due, the party making the payment may recover the same in an action for money had and received.") As discussed above, there are no remaining issues of fact as to Plaintiff's breach of agreement claim. Under these circumstances, it would be inequitable for Defendant to keep the $23,000. This Court should enter summary judgment in Plaintiff's favor on his Third and Fourth Claims for Relief.

### 3. <u>**Fifth Claim for Relief: Recovery of Damages for Check not Paid upon Presentment**</u>:

C.R.S. §§ 13-21-109 and 12-29-106 provide a plaintiff with a civil cause of action, treble damages, costs, and attorneys' fees against any party who draws a check which ultimately is not payable upon presentment, provided the plaintiff provides proper notice under the statute. Specifically, in order to prevail under these statutes, the plaintiff must show that:

(1) Defendant wrote Plaintiff a check;

---

[7] *See* Plaintiff's RFA 9, attached hereto as Ex. A.
[8] *See* Plaintiff's RFAs 1-3, 9, attached hereto as Ex. A.

Defendant has admitted that he wrote Mr. Bertagnolli a check postdated March 28, 2011.[9]

(2) The check was not paid upon presentment;

Defendant has admitted that the check was not paid upon presentment.[10]

(3) Plaintiff notified defendant that (a) the check was not paid upon presentment and (b) that Defendant has fifteen (15) days after such notice to pay to Plaintiff the total amount of the check, or be liable in a civil action for three times the face value of the check, but not less than $100, plus reasonable costs and attorneys' fees. C.R.S. 13-21-109(4);

Defendant has admitted he was provided proper notice under C.R.S. § 13-21-109.[11]

(4) Plaintiff provided Defendant with notice of nonpayment on presentment of his check in writing by certified mail, return receipt requested and postage prepaid. C.R.S. 13-21-109(3);

Defendant has admitted he was provided proper notice under C.R.S. § 13-21-109.[12]

(5) Defendant received notice of nonpayment on presentment of the check; and,

Defendant has admitted he was provided proper notice under C.R.S. § 13-21-109.[13]

(6) Defendant did not pay Plaintiff within fifteen (15) days.

---

[9] *See* Plaintiff's RFAs 4-5, attached hereto as Ex. A.
[10] *See* Plaintiff's RFA 6, attached hereto as Ex. A.
[11] *See* Plaintiff's RFA 8, attached hereto as Ex. A.
[12] *See* Plaintiff's RFA 8, attached hereto as Ex. A.
[13] *See* Plaintiff's RFA 8, attached hereto as Ex. A.

Defendant has admitted that he has paid Plaintiff nothing since he received proper notice pursuant to C.R.S. § 13-21-109.[14]

Therefore, there are no remaining issues of fact as to Defendant's liability pursuant to C.R.S. § 13-21-109 and this Court should enter summary judgment on Plaintiff's Fifth Claim for Relief.

WHEREFORE, Plaintiff requests that this Court enter Summary Judgment in favor of Plaintiff on his First, Second, Third, Fourth, and Fifth Claims for Relief, and award Plaintiff damages in the amount of $23,000, plus interest at eight per cent per annum ($2,606), plus $46,000 in treble damages, pursuant to C.R.S. § 12-29-106, plus reasonable costs and attorneys' fees, to be determined pursuant to C.R.C.P. 121 1-22(2).

DATED this 22nd day of March, 2012.

DAVIS & CERIANI, P.C.

s/Jennifer A. Tiedeken
Patrick J. Kanouff
Jennifer A. Tiedeken
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 22nd day of March, 2012, a true and correct copy of the foregoing was served via Lexis/Nexis File and Serve to the following:

Richard A. Hernandez, Esq.
John W. Tinder II, Esq.
HERNANDEZ TINDER, LLP
11971 Quay Street
Broomfield, Colorado 80020
E-mail: jnylaw2010@gmail.com

s/Jennifer A. Tiedeken
Jennifer A. Tiedeken

[14] *See* Plaintiff's RFA 9 (Lexis ID #41509883).